NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 25 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD SCOTT ELSMORE, | No. 16-56429 |
| Plaintiff-Appellant, | D.C. No. 5:15-cv-01556-RGK-MRW |
| v. | |
| DARIO A. CRUZ, in his personal capacity; DONALD R. WALKER, in his personal capacity; BRIAN S. GONSALVES, in his personal capacity; GREGORY A. PECK, in his personal capacity; RYAN B. SHACKLEFORD, in his personal capacity; STUART J. BUCHANAN; LISA CRAVEN; DJ'S AUTO BODY AND TOWING, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted June 6, 2018**
Pasadena, California

Before: LIPEZ,*** NGUYEN, and OWENS, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Kermit V. Lipez, United States Circuit Judge for the

Richard Elsmore appeals the district court's order dismissing his first amended complaint. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse in part.

**1.** Elsmore alleges that Officer Dario Cruz's tow of his unregistered vehicle from his private driveway violated the Fourth Amendment. "The impoundment of an automobile is a seizure within the meaning of the Fourth Amendment." *Miranda v. City of Cornelius*, 429 F.3d 858, 862 (9th Cir. 2005). "An officer cannot reasonably order an impoundment in situations where the *location* of the vehicle does not create any need for the police to protect the vehicle or to avoid a hazard to other drivers." *Id.* at 866 (emphasis added).[1] Because Elsmore's vehicle, which was parked on his property, posed no hazard to other drivers at the time of

First Circuit, sitting by designation.

[1] The community caretaking doctrine allows for the towing of a vehicle that "is parked in the path of traffic, blocking a driveway, obstructing a fire lane or appears abandoned." *Clement v. City of Glendale*, 518 F.3d 1090, 1094 (9th Cir. 2008). A tow may also be appropriate where it "provides security for the payment of [a] fine," but *only* where a vehicle has "no current registration stickers *and* police can't be sure that the owner won't move or hide the vehicle, rather than pay the fine for illegal parking." *Id.* at 1094–95 (emphasis added). This is not an illegal public parking case. Here, according to the allegations in Elsmore's complaint, the vehicle was located at a private residence and the officer knew the vehicle owner's identity. Standing alone, these allegations undermine the fine-avoidance justification for towing the vehicle. *See id.* at 1095 (finding that knowledge of the vehicle owner's address minimized the likelihood "that the car owner would abscond without paying [a] ticket"). The district court, however, is free to reexamine qualified immunity at the summary judgment stage.

the tow, Cruz is not entitled to qualified immunity. Therefore, we reverse the district court's dismissal of Elsmore's Fourth Amendment claim.

**2.** Elsmore alleges that the post-deprivation hearing violated the Due Process Clause. We disagree. According to the complaint, Elsmore had the "opportunity to be heard at a meaningful time and in a meaningful manner." *Yagman v. Garcetti*, 852 F.3d 859, 864 (9th Cir. 2017) (quoting *City of Los Angeles v. David*, 538 U.S. 715, 717 (2003)). In any event, there is no clearly established law that requires post-tow hearings to be interruption-free. We therefore affirm the district court's dismissal of this claim on the ground of qualified immunity.

**AFFIRMED IN PART AND REVERSED IN PART.**

*Elsmore v. Cruz*, No. 16-56429

OWENS, Circuit Judge, concurring in part and dissenting in part:

While I join in affirming the dismissal of Elsmore's Fourteenth Amendment claim, I respectfully dissent from the revival of his Fourth Amendment claim. In my view, a reasonable officer could have perceived our statement in *Clement v. City of Glendale*, 518 F.3d 1090, 1094-95 (9th Cir. 2008), that a "tow may . . . be appropriate where there are no current registration stickers and police can't be sure that the owner won't move or hide the vehicle, rather than pay the fine for illegal parking," as having authorized the tow of Elsmore's car. And because existing precedent had not placed the tow's purported unconstitutionality "beyond debate," *White v. Pauly*, 137 S. Ct. 548, 551 (2017) (per curiam) (citation omitted), the defendant officers are entitled to qualified immunity. *See also Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (per curiam) ("Specificity is especially important in the Fourth Amendment context, where the Court has recognized that it is sometimes difficult for an officer to determine how the relevant legal doctrine . . . will apply to the factual situation the officer confronts." (alteration and citation omitted)).